UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDON TAYLOR,

    Plaintiff,

v.                                        Case No. 3:22cv3350-LC-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Brandon Taylor, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 based on various conditions of confinement at the Escambia County Jail. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon consideration, the undersigned respectfully recommends this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

On April 8, 2022, the Court entered an order denying Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 4) because it was incomplete. ECF Doc. 6. The Court directed Plaintiff to, within twenty-one (21) days, file a second and

complete motion to proceed *in forma pauperis* or, alternatively, pay the $402.00 filing fee. *Id*. Plaintiff was advised his failure to comply with the order as instructed may result in a recommendation that this case be dismissed. *Id.* Nonetheless, Plaintiff did not comply with the Court's order. Thus, on May 9, 2022, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for failure to prosecute or failure to comply with Court orders. ECF Doc. 7. Plaintiff did not respond to the show cause order.

Unbeknownst to the Court, Plaintiff had been released from the Jail on May 3. Plaintiff, however, did not notify the Court of his change of address as the Court ordered him, on multiple occasions, to do. ECF Docs. 2, 3, 6 and 7. On May 31, 2022, the Court's Show Cause Order was returned by the Postal Service and the clerk remailed the Order to the address shown on the Jail's website for Plaintiff. ECF Doc. 8. Despite the passage of yet another fourteen (14) days from May 31, the Court has received nothing from Plaintiff. Thus, the Court recommends this action be dismissed for failure to follow the Court's orders, including failure to update the Court with Plaintiff's current address, and for failure to prosecute.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.

1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Additionally, a district court may dismiss an action for a plaintiff's failure to provide the Court with their current address. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming District Court dismissal of case "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint."); *McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case").

Finally, dismissal is also appropriate for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*,

Case No. 3:22cv3350-LC-HTC

Page 4 of 4

983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2. The clerk be directed to close the file.

At Pensacola, Florida, this this 14th day of June, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:22cv3350-LC-HTC